STATE OF NEW JERSEY, BY THEODORE D. PARSONS, ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, PLAINTIFF, v. THE NATIONAL NEWARK AND ESSEX BANKING COMPANY OF NEWARK, DEFENDANT.

Superior Court of New Jersey
Chancery Division

Decided June 16, 1954.

*Mr. Grover C. Richman,* Attorney-General (*Messrs. Herrigel, Bolan & Vieser,* attorneys specially appointed by the Attorney-General for prosecution of the above case, *Mr. William L. Vieser,* appearing), attorney for plaintiff.

*Messrs. Pitney, Hardin & Ward* (*Mr. Robert P. Hazlehurst, Jr.,* appearing), attorney for defendant.

GOLDMANN, J. S. C. The single question presented in this action is whether the Custodial Escheat Act (*L.* 1951, *c.* 304; *N. J. S.* 2A:37–29 *et seq.*) is applicable to national banking institutions. Defendant maintains that it is not.

The answer filed by the defendant bank to the custodial escheat action instituted by the State sets forth nine separate defenses. Except for the first, these are substantially the same defenses raised and passed upon by this court in *State v. American-Hawaiian Steamship Co.,* 29 *N. J. Super.* 116 (*Ch. Div.* 1953). That decision, unless modified or reversed on appeal, is dispositive of the last eight defenses.

By its first separate defense, defendant alleges that it is "a national banking association organized and existing under the laws of the United States of America" (12 *U. S. C. A.* § 21 *et seq.*), and as such is not a corporation organized under the laws of this State, nor one organized under the laws of any other state and authorized to do business under the laws of this State, nor a "person" within the meaning of the custodial statute; and that consequently the custodial escheat statute is inapplicable to defendant and this court has no jurisdiction of the subject matter of the action.

*N. J. S.* 2*A*:37–30 provides:

"Whenever *a corporation organized under the laws of this state* shall have custody or possession of, or shall have deposited with or given to an agent or trustee residing within or without the state custody or possession of, any moneys which are or shall be payable to any person as a dividend upon the capital stock, preferred or common, of the corporation, or as interest payable upon the corporation's bonds, indentures. notes or other formal instruments evidencing the indebtedness of the corporation, or any moneys payable as wages from the corporation to any person, and whenever *any person or any corporation organized under the. laws of any other state and authorized to do business in this state* shall have custody or possession of any moneys payable by such person or corporation to any person as wages earned within this state, or of any moneys otherwise having a situs within this state, which moneys are payable to any one person in any of the categories above enumerated and the owner of, beneficial owner of, or person entitled to the same has been and remains unknown for the period of 5 successive years, or the whereabouts of such person has been and remains unknown for the period of 5 successive years, or such personal property has been and remains unclaimed for the period of 5 successive years, then the superior court may in a summary action brought in the name of the state of New Jersey by the attorney general or such attorney-at-law as he may designate, direct the corporation or other person aforesaid to deliver such moneys to the state treasurer for safekeeping." (Italics ours)

The statute expressly refers to escheatable dividends, interest or wages in the custody or possession of (1) "a corporation organized under the laws of this state," or (2) "any person," or (3) "any corporation organized under the laws of any other state and authorized to do business in this state."

 National banks derive their existence and corporate powers from the federal statute under which they were organized, 12 *U. S. C. A.* § 21 *et seq.;* they are instrumentalities of the Federal Government, subject to its paramount authority, *Bank of America Nat. Trust & Savings Ass'n v. Lima,* 103 *F. Supp.* 916 (*D. C. Mass.* 1952), and derive their powers solely from federal law, *First National Bank in St. Louis v. State of Missouri at inf. of Barrett,* 263 *U. S.* 640, 44 *S. Ct.* 213, 68 *L. Ed.* 486 (1923). However,

they are subject to the laws of a state in respect of their affairs, unless such laws interfere with the purposes of their creation, tend to impair or destroy their efficiency as federal agencies, or conflict with the paramount law of the United States. *First National Bank in St. Louis v. State of Missouri at inf. of Barrett, supra; Anderson National Bank v. Luckett,* 321 *U. S.* 233, 64 *S. Ct.* 599, 88 *L. Ed.* 692 (1944) (Kentucky escheat act).

Clearly, a national bank is not a corporation organized under the laws of this State. Nor is it a corporation organized under the laws of any other state and authorized to do business in New Jersey. *Cf. Steward v. Atlantic National Bank of Boston,* 27 *F.* 2d 224 (9 *Cir.,* 1928).

Is defendant a "person" within the meaning of the Custodial Escheat Act?

In its answer defendant describes itself as a national banking *association.* Statutorily, it is a *corporation* organized under the laws of the United States. 12 *U. S. C. A.* § 24. Either "a corporation of the United States of America" or "an association" is a reasonable description of defendant's organizational structure.

The Custodial Escheat Act, *N. J. S.* 2A:37–29 *et seq.,* was enacted in 1951 (*c.* 304) by the Legislature to provide an alternate method for the escheat to the State of certain personal property. The very language of the statute shows that it was meant to be a direct supplement and addition to the preexisting escheat law, found in *N. J. S.* 2A:37–11 to 28. *N. J. S.* 2A:37–29 states:

"In addition to the method provided for the escheat generally of personal property as defined in article 2 of this chapter, an alternate method may be employed in certain cases defined in this article 3. * * *"

*L.* 1951, *c.* 304 (*N. J. S.* 2A:37–29 *et seq.*) rounded out the existing escheat law so as to create a general plan of escheat. In view of the language of *N. J. S.* 2A:37–29 and the declared supplemental character of the Custodial Escheat Act,

we may consult article 2 of the chapter relating to escheats (*N. J. S.* 2*A* :37–11 *et seq.*) for a definition of terms used in the escheat law. *N. J. S.* 2*A* :37–11 recites that:

"Unless a different meaning clearly appears from the context, the word, phrase or term * * * 'person,' * * * or any word, term or phrase of similar import, shall mean, include and refer to corporations, companies, associations, societies, firms, partnerships, joint stock companies, fiduciaries of any nature, as well as individuals."

*Cf. N. J. S. A.* 1 :1–2. It is clear that the Legislature sought to make the term "person" as broad and comprehensive as possible, and that "person" includes entities of the type descriptive of defendant. By its own averment, defendant is an association and, therefore, a "person" under the Custodial Escheat Act. Further, by reason of its compliance with the National Banking Act (12 *U. S. C. A.* § 21 *et seq.*), it is a corporation. Though defendant argues that it is not a corporation of this or any other state, but of the United States, it nevertheless *is* a corporation. There is nothing in the statute which would even remotely indicate that a corporation organized under the laws of the United States is to be excluded from the definition of "person" in *N. J. S.* 2*A* :37–11. Accordingly, whether defendant be designated an association or a corporation, it falls within the stated definition.

■ Defendant further argues that "person" was not intended to embrace corporations, because throughout the Custodial Escheat Act the word "person" is invariably used in conjunction with the word "corporation" to describe the stakeholder, and it quotes the language of *N. J. S.* 2*A* :37–30, 31, 33, 35 and 38 in support. In its view, "person," as uesd in the statute, is restricted by context to an individual as distinguished from a corporate entity. The argument is without merit. Were this contention to prevail, then the escheat power of the State would be limited to dividends, interest and wages in the custody or possession of an individual or a corporation. It could not reach such monies

when held by an association, society, firm or partnership. As indicated earlier in this opinion, the significant operative section of the Custodial Escheat Act, *N. J. S.* 2*A*:37–30, speaks of three types of stakeholders: the corporation organized under the laws of New Jersey, "any person," or a corporation organized under the laws of another state and authorized to do business in New Jersey. "Any person" is a distinct and comprehensive category; it includes stakeholders other than corporations organized under our laws and those organized under the laws of another state and authorized to do business within our borders. To hold that it does not include national banks would require that we consider the provisions of the Custodial Escheat Act as being entirely unrelated to the escheat law which it supplements. These provisions do not exist in a vacuum, cut off from the previously enacted escheat laws. They are part of a comprehensive system set up by our Legislature providing for escheat or, in the alternative, custody of certain property whose owners, or the whereabouts of whose owners, is unknown.

Defendant's first separate defense has no validity. Since the decision in the *American-Hawaiian Steamship Co.* case is dispositive of the remaining defenses, a form of judgment providing for custodial escheat should be presented.